Argued and submitted September 10, 2008, appeal dismissed April 1, 2009

In the Matter of the Marriage of

Jane Muyng Hee KIM,
*Petitioner-Respondent,*
*and*

Eui Sung KIM,
*Respondent-Appellant.*

Washington County Circuit Court
C991041DR; A136008

204 P3d 833

Margaret H. Leek Leiberan argued the cause for appellant. With her on the briefs was Jensen & Leiberan.

Michael R. Sahagian argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

This is an unusual case, arising out of a contempt proceeding that followed the issuance of a dissolution judgment. Husband prevailed in the contempt proceeding. But it is husband who now appeals, contending that the trial court made findings of fact that could have preclusive effect in other pending litigation. Husband asks us to issue an opinion declaring that the trial court's findings were not necessary to the disposition of the contempt motion. Husband then asks that we dismiss his appeal. As we said, this is an unusual case. We dismiss the appeal, but not for the reasons husband advances. We do so because the pending litigation about which husband has expressed concern has now concluded, rendering this appeal moot.

The facts—at least those relevant to our disposition—are not in dispute. Husband and wife were married in 1986, separated in 1998, and dissolved the marriage in 1999. During the course of the marriage, they jointly owned and operated a snack and gift shop. In the dissolution judgment, wife was awarded ownership of the store, and the judgment expressly required husband to turn ownership of the store over to her. He did so. Several years later, husband started working at the store. He believed that wife had promised to sell the store to him. Wife apparently did not share husband's belief and initiated contempt proceedings against him, alleging that he had violated the terms of the dissolution judgment requiring him to turn over the business to her.

The trial court found husband not to be in contempt. In its judgment, the court made findings of fact. The court found that husband did not violate the dissolution judgment. The court also found that wife had "entered into a separate contract with [husband]," but that "[t]here was no sale of the business" by wife to husband. Three weeks later, wife initiated an action against husband for breach of contract and ejectment in Multnomah County Circuit Court. This appeal followed.

On appeal, husband contends that, although he prevailed in the contempt proceeding, "the trial court exceeded its authority in making a factual determination that had not been fully litigated and was not necessary for a resolution of

the issue before it." According to husband, the only issue before the court was whether husband had violated the terms of the dissolution. He contends that the court's findings of fact about the existence of an agreement between the parties—and, in particular, the finding that it did not constitute a sale of the business—were unnecessary *dicta*. Because of the potential adverse effect of those findings on the pending breach of contract and ejectment action, husband contends, this appeal presents a live controversy that requires judicial resolution. In husband's view, the trial court's findings could have preclusive effect in the pending Multnomah County case. As a result, he argues, we should declare that those findings have no such effect. In the alternative, husband argues that we should reverse the trial court's findings themselves, because they are not supported by evidence in the record.

Wife argues that we should dismiss the appeal outright. According to wife, because husband was not found in contempt and no sanctions were imposed against him, there is nothing for us to resolve.

On October 1, 2008, while this appeal was pending, judgment was entered in Multnomah County Circuit Court on the action for breach of contract and ejectment that wife had initiated shortly after the trial court's decision in this case. No appeal of that judgment has been filed, and the time for filing one has expired. ORS 19.255(1).

Thus, whether the trial court erred in making its findings—indeed, whether husband could even raise that issue on appeal—has become a moot point. Husband's only concern about the trial court's findings was the potential effect that they could have on the Multnomah County litigation, and that case has now concluded. An opinion by this court on the issues that husband raises would have no practical effect on the rights of any party. *Barcik v. Kubiaczyk*, 321 Or 174, 182, 895 P2d 765 (1995) (A case is moot when, because of a change of circumstances before review, a judicial decision would resolve an abstract question without any practical effect.).

Appeal dismissed.